In the Matter of the Claim of JOHN M. HEALY, Appellant. COMMISSIONER OF LABOR, Respondent. [883 NYS2d 658]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 23, 2007, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a residential counselor in a foster care group home for troubled adolescents. He was placed on administrative leave pending an investigation after residents expressed concern over his use of profanity and complained that he drove at excessive speeds when transporting them to school. Claimant subsequently admitted to performing both activities in violation of the employer's policies and his employment was

terminated. On his application for unemployment insurance benefits, however, claimant stated that he was discharged because he was unable to meet his employer's performance or production standards and he was initially awarded benefits. The Unemployment Insurance Appeal Board subsequently determined that claimant's termination for misconduct rendered him ineligible to receive benefits, charged him with a recoverable overpayment and imposed a forfeiture penalty as a result of its finding that he made a willful misrepresentation to obtain benefits. Claimant appeals.

We affirm. Although claimant admits that he was terminated for misconduct, he asserts that the Board improperly assessed a recoverable overpayment and maintains that he did not make a willful misrepresentation to obtain benefits. Here, the on-line application for unemployment insurance benefits offers five options in response to the question regarding why an applicant is no longer working for his or her most recent employer. One option is entitled "discharged/let go" and is applicable when an employee fails to meet performance standards or does not possess sufficient qualifications for employment. A second option is entitled "fired" and is applicable when an employee is terminated for violating a company policy. At a hearing, claimant acknowledged that he was terminated for violating his employer's policies and expressly denied ever being informed that he was discharged for not meeting performance standards. Despite such an awareness, he selected the "discharged/let go" option on his application after admittedly considering the "fired" option. Thus, substantial evidence supports the Board's findings that claimant made a willful misrepresentation to obtain benefits and that he should be charged with a recoverable overpayment (*see* Labor Law § 597 [4]; *Matter of Strader [Commissioner of Labor]*, 49 AD3d 1120, 1121 [2008]). Accordingly, we decline to disturb the Board's decision.

Cardona, P.J., Peters, Rose, Kane and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.